## Peoples Trust Company v. Davis et al. No. 2.

*Equity—Bill to distribute reward among claimants—Claimant acting in bad faith excluded from reward.*

A claimant to a reward offered for the arrest and conviction of bank robbers is not entitled to share in the reward where it is shown that he was actively engaged in attempting to prevent their conviction, and thus violated his obligation to act with fairness and good faith toward his quasi-employer, the one offering the reward.

Exceptions of John J. Morey. C. P. Berks Co., Equity Docket, 1921, No. 1318.

*William B. Bechtel* and *Ira G. Kutz,* for exceptant.
*John B. Stevens* and *H. F. Brossman,* for plaintiff.

Peoples Trust Company *v.* Davis et al.   No. 2.

BIDDLE, P. J., 9th judicial district, specially presiding, Jan. 10, 1924.—
Exceptions were filed in behalf of John J. Morey, one of the claimants to the
reward offered by the plaintiff, alleging that the court erred in its findings
and opinion filed Sept. 1, 1923 [5 D. & C. 431], in holding that the exceptant
had acted with bad faith towards the plaintiff, and that even if it was agreed
that he had acted in bad faith, so far as Russo and Scott were concerned, this
should not prejudice his claim for a portion of the reward due for the arrest
and conviction of three of the other robbers.

In view of the very able and forcible argument made in support of the
exceptions, we have gone over the testimony again with care, but find our-
selves unable to agree with the argument made in behalf of Morey. We feel
that, in the light of the evidence of the claimant himself, as well as of the
others, our conclusion that he acted in bad faith, as far as Scott and Russo
are concerned, is the only conclusion that could be reached logically.

The reward, as we have pointed out, was not merely for the arrest but for
the conviction of the robbers, and Morey's testimony, as well as the other
evidence, showed that, subsequent to the arrest and before the trial as well
as afterwards, he was actively engaged in following out the instructions of
Russo and in expending money in behalf of Russo to prevent the conviction
of the criminals; and this conduct of his was not disclosed either to the
trust company or to the Burns Detective Agency. We do not see what this
could be except bad faith.

It was argued with much ability that the defendants profited nothing by
this conduct of Morey's, and this may be admitted, although we cannot go to
the extent that the learned counsel for the exceptant goes, in saying that
what he did was a disservice to Russo instead of a service. It is true that
the efforts made for Russo did not result in his acquittal; but that was not
because Morey did not actively endeavor to secure the acquittal of Russo and
Scott.

The controlling point is not whether the plaintiff was actually injured by
the action of Morey, but whether his conduct was not a violation of his implied
obligation to act with fairness and good faith towards his quasi-employer, the
Peoples Trust Company of Wyomissing. That was the rule that was applied
in the cases cited in our former opinion, and while it is true that these were
cases relating to transactions in real estate, the nature of the transaction
does not, as we view it, in any manner affect the controlling principle.

Nor can we agree with the argument that because the money that was
spent and the efforts that were made were made in behalf of Russo and Scott,
this should not affect Morey's claim to a share of the reward for the arrest
and conviction of three others of the criminals.

The robbery was the result of the joint efforts of seven criminals, and the
action of each of these criminals, and of the evidence connecting each one with
the offence charged, was so interlaced and correlated that it was impossible
to take action in behalf of one without that action having a strong tendency
to affect the result in the case of each of the others. It may be true that
separate indictments were returned against the various defendants, but they
were tried together, before the same jury, and the action was too close to
permit us to consider that there was any separation or distinction in the
contemplated effect of the bad faith shown by the claimant Morey. All of
the exceptions filed in his behalf are, therefore, overruled.

And now, Jan. 10, 1924, the prothonotary is directed to enter the decree
filed Sept. 7, 1923, as the final decree of the court in this case.

From Wellington M. Bertolet, Reading, Pa.